2006 WY 15

In the Matter of the Worker's Compensation Claim of Hal S. ALCORN, Appellant (Employee/Claimant),

v.

SAUER DRILLING COMPANY, Appellee (Employer/Respondent),

and

State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Objector/Respondent).

No. 05–51.

Supreme Court of Wyoming.

Jan. 24, 2006.

Representing Appellant: Donald J. Rissler, of Rissler & Gosar & Bundy, LLC, Riverton, Wyoming.

Representing Appellees: Stephenson D. Emery, of Williams, Porter, Day & Neville; Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] In this worker's compensation appeal, Mr. Alcorn challenges the denial of his claim for retroactive temporary total disability (TTD) benefits. We affirm.

## ISSUE

[¶ 2] We restate the issue as:

Did the hearing officer err in denying Mr. Alcorn's claim for TTD benefits because Mr. Alcorn failed to comply with applicable filing requirements?

## FACTS

[¶ 3] On October 10, 2001, Mr. Alcorn sustained a left shoulder injury while working for Sauer Drilling Company (Sauer Drilling). He reported the incident to his employer, but did not initially file a claim with the Wyoming Workers' Safety and Compensation Division (Division). He continued to experience left shoulder pain, but maintained his employment with Sauer Drilling. On February 15, 2002, Mr. Alcorn sought medical treatment for his injury with Dr. Mark Grossnickle who ultimately diagnosed Mr. Alcorn's injury as a torn rotator cuff. Mr. Alcorn did not return to work with Sauer Drilling after February 15, 2002. In late February 2002, his employment with Sauer Drilling was terminated for reasons unrelated to the injury.

[¶ 4] Mr. Alcorn filed a claim for worker's compensation benefits with the Division on June 27, 2002. The claim was denied on the basis that it was untimely. The Division subsequently reconsidered its position and awarded benefits on October 1, 2002. Sauer Drilling objected to the Division's award. A contested case hearing was held on March 4, 2003, to determine whether Mr. Alcorn's claim was timely filed and whether he suffered a compensable injury. The Office of Administrative Hearings (OAH) upheld the Division's determination and awarded benefits to Mr. Alcorn.

[¶ 5] After the determination in his favor, Mr. Alcorn sought TTD benefits. He filed TTD certifications, signed by Dr. Grossnickle, dated April 18, 2003, and May 20, 2003. The Division approved TTD benefits for a two-month period. Mr. Alcorn challenged this determination and claimed that he was owed retroactive TTD benefits from February 2002 through April 2003. A contested case hearing was held before the OAH. The OAH denied Mr. Alcorn's claim. The district court affirmed the decision of the OAH. This appeal followed.

## STANDARD OF REVIEW

[¶ 6] The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law. We apply a *de novo* standard when reviewing questions of law. *Sheth v. State ex rel. Wyo. Workers' Compensation Div.*, 11 P.3d 375, 378–79 (Wyo.2000). "Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law." *Bailey v. State ex rel. Wyo. Workers' Safety and Compensation Div.*, 2002 WY 145, ¶ 9, 55 P.3d 23, 26 (Wyo.2002) (internal citations omitted) (quoting *State ex rel. Workers' Safety and Compensation Div. v. Garl*, 2001 WY 59, ¶ 9, 26 P.3d 1029, 1032 (Wyo.2001)). We review this case as if it had come directly to this Court from the agency and do not afford any deference to the district court's decision. *Bailey*, ¶ 6.

## DISCUSSION

[¶ 7] Temporary total disability is defined as "that period of time an employee is temporarily and totally incapacitated from performing employment at any gainful employment or occupation for which he is reasonably suited by experience or training. The period of temporary total disability terminates at the time the employee completely recovers or qualifies for benefits under W.S. 27–14–405 or 27–14–406." Wyo. Stat. Ann. § 27–14–102(a)(xviii) (LexisNexis 2001). The purpose of temporary total disability benefits is "to provide income for an employee during

the time of healing from his injury and until his condition has stabilized." *Pacific Power and Light v. Parsons,* 692 P.2d 226, 228 (Wyo.1984). As the claimant, Mr. Alcorn bears the burden of proving his entitlement to worker's compensation benefits by a preponderance of the evidence. He also must establish his compliance with the rules and procedures set forth in the Wyoming Worker's Compensation Act. *Pittman v. State ex rel. Wyo. Workers' Compensation Div.,* 917 P.2d 614, 617 (Wyo.1996).

[¶ 8] The procedural requirements for obtaining TTD benefits are set forth in Wyo. Stat. Ann. § 27–14–404 (LexisNexis 2001) which provides in pertinent part:

> (a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27–14–102(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. 27–14–403(c)....
>
> ...
>
> (d) ... **Benefits under subsection (a) of this section shall not be paid if:**
>
> > **(i) An employee or his personal representative fails to file a claim for benefits within thirty (30) days after the first day immediately succeeding the first thirty (30) days of any certified period of temporary total disability;**
> >
> > **(ii) A claim is filed without the signature of the claimant and certification by the attending health care provider[.]**

(Emphasis added.)

[¶ 9] The rules and regulations governing TTD benefits also require timely filing of a properly certified claim. They provide in pertinent part:

> Claim for Temporary Total Disability (TTD) Benefits (Lost Wages).
>
> (i) When Submitted. A claim for TTD must be filed within 60 days after the first day of certified temporary total disability. W.S. § 27–14–404(d).

> (ii) Certification. An award of TTD cannot be made without certification from a treating health care provider that the worker is temporarily and totally disabled (that is, incapacitated from performing any gainful employment for which the worker is reasonably suited by experience or training). The certification shall specify the reasons for the total disability and the expected period of disability.

Wyoming Workers' Safety and Compensation Division, Rules, Regulations and Fee Schedules, ch. 5, § 4(b)(i) and (ii). Thus, in order to be entitled to TTD benefits, a claimant must: (1) obtain a treating healthcare provider's certification that he is temporarily totally disabled; and (2) file the claim for TTD benefits within sixty (60) days of the first day of certified disability.

[¶ 10] At the contested case hearing, Mr. Alcorn conceded that, for the time period in dispute, he did not file a TTD claim within 60 days of the first day of certified disability. He contended, however, that he was excused from compliance with the statutory filing requirements because his case was "pending before the Division as a contested case." Mr. Alcorn relied upon our holding in *State ex rel. Wyo. Workers' Safety and Compensation Div. v. Gerdes,* 951 P.2d 1170 (Wyo.1997) in support of his position. The hearing examiner concluded that *Gerdes* did not excuse Mr. Alcorn's noncompliance with the filing requirements and denied Mr. Alcorn's claim. In his Order Denying Benefits, the hearing examiner explained his reasoning:

> 5. In order to qualify for TTD benefits, Alcorn's physician must certify or recertify Alcorn at intervals not less than 60 days. Wyo. Stat. Ann. § 27–14–404(g) (LEXIS 2001). Alcorn must also file a claim for TTD with his signature and that of his physician's within 30 days after the first day immediately succeeding the first 30 days of any certified period. Wyo. Stat. Ann. § 27–14–404(d)(i) and (ii) (LEXIS 2001). By filing his first TTD application in April 2003, Alcorn failed to comply with the filing requirements in the TTD statutes and is not eligible for

retroactive TTD benefits from February 2002 through April 2003. Nor is Alcorn's May 21, 2003 certification attempting to certify a period from October 2002 through April 2003 a proper certification as it attempts to certify a six month rather than a 60 day period as required by statute.

6. In order for TTD benefits to revert back to February 2002, Alcorn's physician needed to certify Alcorn in March 2002 and re-certify Alcorn for 60–day intervals thereafter. Prior to a timely certification, the Division issued a series of Final Determinations beginning in July 2002 and culminating in Alcorn's objection in August 2002. Alcorn had not been certified for TTD benefits prior to his August 2002 objection. In *State ex rel. Workers' Compensation Division v. Gerdes*, 951 P.2d 1170, 1175 (Wyo.1997), the claimant had been receiving TTD benefits when the Division issued a Final Determination terminating those benefits. *Gerdes* did not file TTD applications during the pendency of her hearing on continued entitlement to TTD benefits. The Wyoming Supreme Court held the "application of the procedural requirements found in Article 4 of the Wyoming Worker's Compensation Act during the pendency of a contested case does not further efficient service to an injured claimant, but rather prevents a meritorious claim from being decided based on the merits of the case." Unlike *Gerdes*, Alcorn had no certifications filed prior to or during the pendency of the contested case. Unlike *Gerdes* Alcorn was not seeking continuous benefits during the pendency of the proceedings. Alcorn was not relieved of his duty to file an initial TTD certification prior to the contested case hearing in order to be relieved of his statutory duty to timely file for those benefits.

[¶ 11] In *Gerdes,* the employee sustained a work-related injury in November 1993. *Gerdes,* 951 P.2d at 1172. The employee promptly filed TTD certifications and the Division approved the benefits from the time of her injury until June 7, 1995. *Id.* In June 1995, the Division terminated TTD benefits because, in its opinion, the employee had reached maximum medical improvement. *Id.* The employee appealed this determination. *Id.* While the appeal was pending, the employee failed to re-certify for TTD benefits. *Id.* at 1173. The OAH determined that the employee had not reached maximum medical improvement and, despite the employee's noncompliance with the re-certification requirements, awarded the employee retroactive benefits for the time during which the appeal had been pending. *Id.*

[¶ 12] We affirmed the OAH's ruling and held that Wyo. Stat. Ann. § 27–14–404(d) (LexisNexis 2001) allows an award of retroactive TTD benefits despite noncompliance with the statute during the pendency of an appeal regarding the termination of TTD benefits. *Id.* at 1175. In so holding, we noted that Wyo. Stat. Ann. § 27–14–404(d) is silent regarding whether its procedural requirements "apply **after** benefits are terminated and the claimant awaits a contested case hearing." *Id.* at 1174 (emphasis added). We examined the legislative purpose served by the procedural requirements for certification and determined that they exist to allow the Division an opportunity to effectively monitor entitlement to TTD benefits. *Id.* We held that the requirements did not apply to the period following a termination of TTD benefits, because "no number of filings or certifications will **reinstate** the benefits or allow the claim to be heard on its merits." *Id.* (emphasis added). We stated that a strict application of the statute was unnecessary because it "would serve only to burden a claimant with the attendant costs of **continued** certification, even though the Division has predetermined that these costs are not compensable." *Id.* at 1175 (emphasis added).

[¶ 13] The facts regarding Mr. Alcorn's claim for TTD benefits are distinguishable from those presented in *Gerdes.* Mr. Alcorn's claim for retroactive TTD benefits is a claim for initial TTD benefits. It is not a claim for a continuation of TTD benefits as was present in *Gerdes.* The applicable statutes and rules are not silent regarding the procedural requirements which must be met

by a claimant for an initial award of TTD benefits. The unambiguous language of the pertinent statutes and rules requires timely filing of the TTD claim and certification by a healthcare provider. A claimant's failure to file a timely claim limits the Division's opportunity to effectively monitor and evaluate a claimant's entitlement to TTD benefits. The failure to properly file an initial TTD claim also undermines an employer's right to offer light duty work to the employee in lieu of TTD benefits.[1]

[¶ 14] Based upon the foregoing, the OAH properly denied Mr. Alcorn's claim for retroactive TTD benefits on the basis that Mr. Alcorn failed to file a timely TTD claim properly certified by one of his healthcare providers for the time period at issue. The OAH and the district court correctly concluded that our decision in *Gerdes* did not excuse Mr. Alcorn's failure to comply with the filing requirements for TTD benefits.

[¶ 15] Affirmed.

---

1. Wyo. Stat. Ann. § 27–14–404(j) (LexisNexis 2001) provides:

An employer may make a written offer of temporary light duty work to an employee receiving temporary total disability under subsection (a) of this section. The offer shall be on a form supplied by the division, stating with specificity the proposed hours of employment, starting date, wage and functional capacity requirements of the light duty work. If the employee accepts the offer, the temporary total disability award calculated pursuant to W.S. 27–14–403(c) shall be reduced by two-thirds (2/3) and the balance of the award shall not be charged to the employer's experience rating. If the employee refuses light duty work offered under this subsection, the award shall be reduced by two-thirds (2/3) of the temporary total disability award calculated pursuant to W.S. 27–14–403(c) and the balance of the award shall not be charged to the employer's experience rating, . . .