216 P.3d 494 (2009)
2009 WY 115
In the Matter of the Worker's Compensation Claim of Alan D. BOE, An Employee of Jim Bridger Power Plant.
Alan D. Boe, Appellant (Petitioner),
v.
State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).
No. S-08-0240.
Supreme Court of Wyoming.
September 17, 2009.
*495 Representing Appellant: Ethelyn "Lynn" Boak, Cheyenne, Wyoming.
Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General; M. Kristen Doolittle Rieman, Assistant Attorney General.
Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.
KITE, Justice.
[¶ 1] Alan D. Boe appeals from the district court's order affirming the Office of Administrative Hearings' (OAH) denial of his claim for worker's compensation benefits for failure to timely file his application for temporary total disability (TTD) benefits. He claims that he was excused from filing the application because an OAH decision was pending on an earlier claim he filed involving the same injury. Alternatively, he asserts that the Workers' Safety and Compensation Division (Division) should be estopped from denying him benefits by its failure to request recertification despite knowing that he had returned to TTD. We reverse, although on different grounds than those asserted by Mr. Boe.

ISSUE
[¶ 2] Mr. Boe presents the following issue for this Court's consideration:
Was the Denial of Temporary Total Disability Benefits for failure to file a new *496 application for TTD in accordance with the law?
The State rephrases the same issue.

FACTS
[¶ 3] Mr. Boe injured his right arm on May 27, 2005, while working at the Jim Bridger Power Plant near Point of Rocks in Sweetwater County, Wyoming. He continued to work until June 14, 2005, when orthopedist Nick DiGiovine diagnosed his condition as an injury to his right ulnar nerve with some medial and lateral epicondylitis ("tennis elbow"), and restricted him from work. Mr. Boe then applied for worker's compensation benefits. The Division initially took the position that the injury was not compensable and denied the claim. The Division later withdrew its objection and the OAH set for hearing the matter of Mr. Boe's entitlement to TTD benefits.
[¶ 4] In the meantime, on June 30, 2005, Dr. DiGiovine had released Mr. Boe to work with the limitation that he was not to lift more than eleven to twenty-five pounds. The lifting restriction remained in effect through August, when Dr. DiGiovine determined Mr. Boe could not work even with the restriction and ordered additional medical tests. Dr. DiGiovine then certified that Mr. Boe was unable to work until December 15, 2005. On that date, he released him to return to full duty work.
[¶ 5] Despite the release to return to work, Mr. Boe continued to have problems with his right arm and, in April of 2006, Dr. DiGiovine placed him back on restricted duty. Mr. Boe did not file a claim for further TTD benefits allegedly because a Division claims analyst told him there was nothing the Division could do until his earlier claim was decided. On August 29, 2006, the OAH awarded him TTD benefits retroactively for the period beginning June 30, 2005, through December 14, 2005, the date Dr. DiGiovine had released him to return to full duty work.
[¶ 6] The present matter began on January 29, 2007, when Mr. Boe filed an application for TTD benefits for the period from April 13, 2006 through December 14, 2006. The Division denied the claim for the period from April 13 to November 30, 2006, on the ground that Mr. Boe failed to timely file for TTD benefits for that period.[1] Mr. Boe requested a hearing. After the hearing, the OAH upheld the denial, finding that his failure to timely file for TTD benefits was not excused by the fact that his earlier claim was pending. The OAH also rejected his claim that the Division should be estopped from denying his claim because it knew he had returned to TTD but had not requested recertification. Mr. Boe filed a petition for review of the OAH decision in district court. The district court affirmed the OAH, and he appealed to this Court.

STANDARD OF REVIEW
[¶ 7] The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law. Alcorn v. Sauer Drilling Co., 2006 WY 15, ¶ 6, 126 P.3d 924, 925 (Wyo. 2006). We apply a de novo standard when reviewing questions of law. Id. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. Id. We afford no deference to the agency's determination, and will correct any error made by the agency in interpreting or applying the law. Id. We also afford no deference to the district court's decision, but review this case as if it had come directly to this Court from the agency. Id.

DISCUSSION
[¶ 8] Mr. Boe contends that he was not required to apply for benefits for the period from April 13, 2006 through December 14, 2006, while his earlier claim was pending. He cites State ex rel. Wyo. Workers' Comp. Div. v. Gerdes, 951 P.2d 1170 (Wyo.1997) as support for his contention. In Gerdes, the claimant received TTD benefits from the time of her injury in 1993 until June 7, 1995, when her physician certified that she had *497 reached maximum medical improvement. The Division notified Ms. Gerdes that her TTD benefits were terminated as of June 7, 1995. She objected and, following a hearing, the OAH awarded her TTD benefits retroactively for the period from June 7, 1995, until the hearing and continuing benefits until she could undergo recommended surgery. The Division objected, contending that she had not filed claims for benefits during the pendency of the contested case pursuant to § 27-14-404(d). The OAH rejected the argument and awarded the benefits. The Division appealed to this Court and we affirmed the OAH. Noting that the provision was silent regarding the procedural requirements for continuing benefits, we concluded that § 27-14-404(d) did not apply to claims that accrue during the pendency of a contested case. Mr. Boe contends the same reasoning applies here and he was not required to apply for additional TTD benefits while his contested case was pending.
[¶ 9] The Division asserts that Gerdes is factually different, and therefore not controlling. The Division relies on Alcorn, ¶ 13, 126 P.3d at 927-28, in which this Court affirmed the denial of TTD benefits on the ground that Mr. Alcorn did not file a timely claim properly certified by one of his healthcare providers for the time period at issue. In contrast to the claim in Gerdes, Mr. Alcorn's claim for retroactive TTD benefits was an initial, rather than a continuing, claim. We concluded the statutes were not silent regarding the procedural requirements for filing an initial TTD claim. We said:
The unambiguous language of the pertinent statutes and rules requires timely filing of the TTD claim and certification by a healthcare provider. A claimant's failure to file a timely claim limits the Division's opportunity to effectively monitor and evaluate a claimant's entitlement to TTD benefits. The failure to properly file an initial TTD claim also undermines an employer's right to offer light duty work to the employee in lieu of TTD benefits.
Id. Just as Mr. Alcorn's claim for TTD benefits was untimely, the Division argues, so was Mr. Boe's claim.
[¶ 10] We conclude that neither Gerdes nor Alcorn is controlling under the facts of Mr. Boe's case; rather, the plain language of § 27-14-404(d) and Wyo. Stat. Ann. § 27-14-605(a) (LexisNexis 2007) is determinative. Section 27-14-404 provides in pertinent part as follows:
§ 27-14-404. Temporary total disability; benefits; determination of eligibility;. . .; period of certification limited; temporary light duty employment
(a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. XX-XX-XXX(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. XX-XX-XXX(c). The period for receiving a temporary total disability award under this section for injuries resulting from any one (1) incident or accident shall not exceed a cumulative period of twenty-four (24) months, except that the division pursuant to its rules and regulations and in its discretion may in the event of extraordinary circumstances award additional temporary total disability benefits. . . .
. . . .
(c) Payment under subsection (a) of this section shall cease prior to the expiration of the twenty-four (24) month maximum period specified under subsection (a) of this section if:
(i) Recovery is complete to the extent that the earning power of the employee at a gainful occupation for which he is reasonably suited by experience or training is substantially restored; or
. . . .
(d) Disability payments under this section shall not be allowed for the first three (3) days of disability unless the incapacity extends beyond eight (8) days. If payments cease for a period of eight (8) days or more, the employee may apply for reinstatement under W.S. XX-XX-XXX and any award granted shall be treated as an initial award. . . . Benefits under subsection (a) of this section shall not be paid if:

*498 (i) An employee or his personal representative fails to file a claim for benefits within thirty (30) days after the first day immediately succeeding the first thirty (30) days of any certified period of temporary total disability;
(ii) A claim is filed without the signature of the claimant and certification by the attending health care provider; . . .
. . . .
(g) Only a health care provider may certify temporary total disability under this act. The length of time of the initial certification or recertification of temporary total disability shall be established by the department after considering the recommendation of the health care provider and current medical literature. Subject to W.S. XX-XX-XXX, the employer, employee or division may request recertification of the period of temporary total disability at intervals of not less than sixty (60) days, provided that in the event of extraordinary circumstances, the division may reconsider recertification at any time. . . .
(emphasis added.)
[¶ 11] Pursuant to § 27-14-404(a), the OAH determined Mr. Boe was entitled to receive TTD benefits for the period beginning June 30, 2005, and ending December 14, 2005. In accordance with § 27-14-404(c)(i), payment of TTD benefits to Mr. Boe ceased after December 14, 2005, when his orthopedist released him to return to work without restrictions; that is, in the language of § 27-14-404(c)(i), Mr. Boe's earning power at the occupation for which he was reasonably suited by experience or training was substantially restored. Mr. Boe continued to work without restrictions until April 13, 2006, when his orthopedist notified the Division that, because Mr. Boe was continuing to experience problems involving his right arm, he was keeping him off of work until he received the results of an EMG and nerve conduction studies. Pursuant to § 27-14-404(d), Mr. Boe was entitled at that point to apply for reinstatement of TTD benefits under § 27-14-605 because, as stated in § 27-14-404(d), payments had ceased "for a period of eight days or more." Section 27-14-605 provides as follows:
§ 27-14-605. Application for modification of benefits; time limitation; grounds; termination of case; exceptions.
(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud. . . .
(b) Any right to benefits shall be terminated and is no longer under the jurisdiction of this act if a claim for any benefit is not filed with the division within the four (4) year limitation prescribed under subsection (a) of this section.
(c) A claim for medical benefits which would otherwise be terminated under subsection (b) of this section and barred under W.S. XX-XX-XXX(a) and (b) may be paid by the division if the claimant:
(i) Submits medical reports to the division substantiating his claim:
(ii) Proves by competent medical authority to a reasonable degree of medical certainty that the condition is directly related to the original injury; and
(iii) Submits to an examination by a health care provider selected by the division and results of the examination validate his claim.
[¶ 12] Mr. Boe satisfied the first requirement in subsection (a) of this provision because a determination in his favor on his claim for TTD benefits was made in August of 2006. Thus, he was entitled to apply for additional TTD benefits on the ground of increased incapacity due solely to the injury, or upon grounds of mistake or fraud, within four years from December 14, 2005. His January 29, 2007, application clearly fell within the four year limitations period for applying for additional TTD benefits. Additionally, the orthopedist's order in April 2006 that Mr. Boe was not to work was evidence of increased incapacity within the meaning of § 27-14-605. As we said in State *499 ex rel. Wyo. Workers' Safety and Comp. Div. v. Henriksen, 2001 WY 42, ¶ 9, 21 P.3d 1185, 1187 (Wyo.2001), increased incapacity can result when an employee follows the order of his or her medical provider not to work for a reasonable time in order to promote recovery from an injury. Section 27-14-404(d) clearly directed Mr. Boe to proceed under § 27-14-605 and having satisfied the requirements the plain language of that provision imposes, Mr. Boe's claim was not precluded because he failed to file it within the sixty days provided in § 27-14-404(d)(i).
[¶ 13] In concluding otherwise, the OAH did not address the language in § 27-14-404(d) allowing an employee who had received an earlier TTD award to apply for additional benefits under § 27-14-605. Rather, the OAH appears simply to have assumed that the sixty day claim filing requirement contained in § 27-14-404(d)(i) applied to Mr. Boe. In its Order, the district court focused on the language in § 27-14-404(d) stating that upon application for additional benefits under § 27-14-605, "any award granted shall be treated as an initial award." The district court interpreted this language as requiring Mr. Boe to satisfy the sixty day filing requirements contained in § 27-14-404(d)(i). The difficulty with this interpretation is twofold. First, § 27-14-404(d) expressly allows an employee who has received an earlier award under § 27-14-404(a) to apply for an additional award under § 27-14-605, which contains no sixty day filing requirement. Second, the sixty day filing requirement contained in § 27-14-404(d)(i) expressly applies to "[b]enefits under subsection [§ 27-14-404](a)" which governs initial claims for TTD benefits after a compensable injury is sustained. Mr. Boe's January 2007 claim was not an initial claim for TTD benefits after his work injury, but a claim under § 27-14-605 for additional benefits after a prior determination in his favor involving the same injury.
[¶ 14] The language in § 27-14-404(d) stating that "any award granted [under § 27-14-605] shall be treated as an initial award" lends itself to misinterpretation  hence, the district court's conclusion that an application for additional benefits under § 27-14-605 must meet the procedural requirements imposed by § 27-14-404(d)(i) on claims made under § 27-14-404(a). Our reading of the language at issue, however, convinces us that it was not intended to subject an application for additional benefits under § 27-14-605 to the sixty day filing requirement. Instead, the language means, just as it says, that after an award is granted under § 27-14-605, it "shall be treated as an initial award." Had the legislature intended to impose a sixty day filing requirement for applications made under § 27-14-605, it would have said so clearly by stating that "[b]enefits under subsection (a) of this section and W.S. XX-XX-XXX shall not be paid if an employee or his personal representative fails to file a claim" within sixty days. Had the legislature intended that result, it also would have clearly stated that applications under § 27-14-605 are subject to the same filing requirements as initial claims for benefits. The fact that the legislature stated instead that awards under § 27-14-605 "shall be treated as an initial award" suggests they are to be so treated after the award is made.[2] Giving the statutory language its plain and ordinary meaning, it does not state that applications under § 27-14-605 are treated as initial applications and, as such, must be filed within sixty days.
[¶ 15] Because the parties relied almost exclusively on Gerdes and Alcorn in presenting their respective positions, it is appropriate to address the reasons why we do not find those cases to be controlling. We begin with Alcorn, the more easily distinguishable of the two cases. To reiterate, the OAH denied Mr. Alcorn's claim for TTD benefits on the ground that he did not file a timely claim properly certified by one of his healthcare providers for the time period at issue. Unlike Mr. Boe's claim, Mr. Alcorn's claim for retroactive TTD benefits was an initial *500 claim falling within the parameters of § 27-14-404(a); that is, it was the first claim Mr. Alcorn filed for benefits resulting from the work injury. It was not, as in Mr. Boe's case, an application for additional benefits for a work injury for which he had already received benefits that had ceased. Because it was an initial claim falling under § 27-14-404(a), it was clearly governed by § 27-14-404(d)(i), which sets out the circumstances under which benefits under subsection (a) will be denied, including the failure to file a claim within sixty days. Given this important difference, Alcorn does not support the denial of Mr. Boe's claim.
[¶ 16] We likewise do not find Gerdes to be directly on point in resolving Mr. Boe's claim. There, the issue was whether the claimant was required to continue to file claims for TTD benefits while her objection to the Division's termination of those benefits was pending. We concluded that Ms. Gerdes was not required to file claims for TTD benefits while a hearing was pending to decide whether the benefits were properly terminated or whether she was entitled to continued benefits. Mr. Boe's situation was substantially different from Ms. Gerdes.
[¶ 17] Unlike Ms. Gerdes, the hearing pending in Mr. Boe's case was for the purpose of deciding whether he was entitled to retroactive TTD benefits for the initial period that he was unable to work without restrictions. He was not claiming that his TTD benefits should not have been terminated after December 14, 2006, when the orthopedist released him to return to work without restrictions. Instead, after the initial determination in his favor for TTD benefits under § 27-14-404(a), he sought additional TTD benefits on the ground that the orthopedist certified that he could not return to work pending the outcome of additional medical tests. Accordingly, his claim fell squarely under § 27-14-605 to which the procedural requirements of § 27-14-404(d) do not apply.
[¶ 18] One additional point merits discussion. In his January 2007 application for benefits, Mr. Boe did not state that he was seeking additional benefits under § 27-14-605. The Division might argue that his failure to identify the statutory provision under which he sought benefits should preclude his claim. However, § 27-14-605 states only that "an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits . . . on the ground of increase. . . incapacity." This language does not clearly require a claimant to file a particular application. We have reviewed the Worker's Compensation Division Rules and have found no rule setting forth specific procedures for filing a claim under § 27-14-605. Here, the health care provider certified to the Division that Mr. Boe was unable to work as of April 2006, placing the Division on actual notice that he likely would be seeking additional benefits. Mr. Boe then filed an application for benefits for the period beginning the same date the orthopedist had re-certified that he was unable to work. Under these circumstances, the January 2007 application for benefits was sufficient to constitute an application for additional benefits under § 27-14-605.[3]
[¶ 19] Having concluded that Mr. Boe's claim was governed by § 27-14-605, we ordinarily would remand this case to the district court with instructions to remand it to the OAH for a determination of whether Mr. Boe met his burden of proving that he was entitled to additional benefits on the ground of increased incapacity due solely to the injury. Under § 27-14-605:
[T]he claimant must prove to a "reasonable degree of medical certainty" that the increase or decrease in capacity is "due solely to the injury." Wyo. Stat. Ann. § 27-14-605(a) and (c)(ii) (emphasis added). The claimant must show "he has sustained additional incapacity entirely as a result of the injury" in order to collect additional benefits. Loghry v. Capshaw Well Serv., 739 P.2d 1227, 1228 (Wyo.1987). A showing that the increase in incapacity was "more probably than not caused by the original injury" is insufficient. Woodman *501 v. Grace Bomac Drilling, 736 P.2d 313, 315-16 (Wyo.1987).
Kaczmarek, 2009 WY 110, ¶ 11, 215 P.3d 277, 282 (Wyo.2009). In most cases, the determination of whether the claimant met this burden would be one for the fact finder. Here, however, there was no dispute that Mr. Boe's inability to work from April to December of 2006 was due to his May 2005 work injury. The only matter in dispute before the OAH was whether his January 2007 application for benefits was timely. Under these circumstances, there is nothing to be gained by remanding the case to the OAH for a factual finding.
[¶ 20] In addition to asserting that his claim was timely under Gerdes, Mr. Boe contends alternatively that the Division should be estopped from denying his TTD benefits because its actions caused him to delay filing a claim. He points to the Division's failure to request recertification under § 27-14-404(g) despite having actual knowledge that he was no longer working as of April 2006. Because we conclude that Mr. Boe was entitled to benefits under § 27-14-605, we do not address his estoppel claim.
[¶ 21] The OAH's order denying Mr. Boe's claim on the ground that it was not timely filed is reversed. The matter is remanded to the district court with instructions to vacate its order and remand to the OAH for entry of an order awarding TTD benefits from April 14, 2006, through November 30, 2006, under § 27-14-605 on the ground of increased incapacity.
BURKE, Justice, dissenting.
[¶ 22] I respectfully dissent because I am uncomfortable with the majority's interpretation of Wyo. Stat. Ann. §§ 27-14-404 and -605. It is a plausible interpretation, but it is not the only possible interpretation, as demonstrated by the fact that Mr. Boe never asserted that the four-year filing limitation set forth in § 27-14-605 applied to his claim. Accordingly, the hearing examiner and the district court never considered whether the four-year limitation period applied. Perhaps most significantly, the Division has never been provided with the opportunity to weigh in on this issue. The parties did not raise or brief the issue in this appeal. I appreciate the majority's effort to interpret the confusing language of these statutes, but I think it is imprudent to undertake that effort without the assistance of the parties.
[¶ 23] I am also concerned by a practical consequence of the majority opinion. Following its interpretation, an employee will have only sixty days to file an initial claim for temporary total disability benefits, but up to "four (4) years from the date of the last payment for additional benefits" to file a claim for additional temporary total disability benefits. Wyo. Stat. Ann. § 27-14-605(a). The statutes provide no explanation for the significant disparity between the treatments of initial claims and subsequent claims for additional TTD benefits. In Alcorn, we stated that the purpose of the timely filing requirements was to provide the Division with an opportunity "to effectively monitor and evaluate a claimant's entitlement to TTD benefits." ¶ 13, 126 P.3d at 928. We also recognized that failure to file a timely claim undermined "an employer's right to offer light duty work to the employee in lieu of TTD benefits." Id. From a practical perspective, there appears to be no reason for different filing time requirements based upon whether the claim is an initial or a subsequent claim.
[¶ 24] I would remand to provide the parties with the opportunity to present this issue to the OAH.
NOTES
[1] The Division paid the claim for the period from December 1 to 14, 2006, concluding that the claim for that period was timely filed under Wyo. Stat. Ann. § 27-14-404(d)(i) (LexisNexis 2007), which provision is set out in paragraph 10 below.
[2] The issue is not directly before us, but we read the language of § 27-14-404(d) stating that an award granted under § 27-14-605 "shall be treated as an initial award" to mean that once granted, the award is subject to all provisions governing an initial award, such as § 27-14-404(g) requiring certification and recertification of TTD by a health care provider, and § 27-14-404(h) providing for suspension of benefits under specified circumstances.
[3] Of course, the Division has the prerogative to amend its rules and set out specific requirements for filing a claim for additional benefits under § 27-14-605.