2010 WY 152

Diane BAILEY, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).

No. S–10–0051.

Supreme Court of Wyoming.

Nov. 23, 2010.

954

Representing Appellant: Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] Diane Bailey appeals from the district court's order affirming the Office of Administrative Hearing's (OAH) denial of her claim for temporary total disability (TTD) benefits. We conclude the OAH correctly determined that Ms. Bailey failed to file a proper health care provider certification when she applied for TTD benefits and, under the relevant statutes and agency rule, she is not entitled to benefits.

[¶ 2] We affirm.

## ISSUES

[¶ 3] Ms. Bailey presents a single issue on appeal:

Did the Office of Administrative Hearings ... act arbitrarily and capriciously, and contrary to law, in denying payment of temporary total disability benefits ("TTD") to Appellant, Diane Bailey ("Bailey"), even though she was "temporarily and totally incapacitated from performing employment at any gainful employment or occupation for which [s]he [was] reasonably suited by experience or training?" Wyo. Stat. § 27–14–102(a)(xviii).

State of Wyoming ex rel., Wyoming Workers' Safety and Compensation Division (Division) states two issues on appeal:

I. Is the hearing officer's determination denying Appellant's requested temporary total disability ("TTD") benefits because Appellant failed to properly submit a completed TTD certification form, signed by her physician, arbitrary, capricious, or otherwise not in accordance with Wyoming law?

II. Does substantial evidence support the hearing officer's determination that Appellant failed to follow the procedural requirements for filing a TTD claim and that, therefore, her request for TTD benefits should be denied?

## FACTS

[¶ 4] Ms. Bailey injured her right shoulder in November 2007, while working as a welder's helper for Gregory & Cook Construction, Inc. She was examined by a physician's assistant at Rawlins Urgent Care on December 18, 2007. The physician's assistant restricted her from overhead work and lifting more than 5 pounds. After working for a few more days, she returned home to Michigan. Ms. Bailey was examined by family physician, Dr. D. Dotson, on December 26, 2007. Dr. Dotson filled out a "Return to Work/School Statement" which stated that Ms. Bailey was not to perform any work until she was seen by an orthopedic physician.

[¶ 5] Ms. Bailey faxed a report of injury and eighteen page letter to the Division on January 2, 2008. She also asserted that she submitted an application for TTD benefits at the same time, although the application in the record was not stamped as "received" by the Division and the Division argued there was no evidence that it received the application. The application was filled out only by Ms. Bailey; her physician did not complete the "Health Care Provider's Certification" part of the document or sign it.

[¶ 6] Ms. Bailey saw Rhonda Whelan, D.O. on January 24, 2008. Dr. Whelan ordered a right shoulder arthrogram, which was completed on February 21, 2008. The test indicated that Ms. Bailey had a partial rotator cuff tear, labral tear, impingement syndrome and adhesion capsulitis in her right shoulder, and Dr. Whelan determined that surgery was indicated. On February 28, 2008, Dr. Whelan's office completed a "Disability Certificate," indicating that Ms. Bailey "is to be off work as of today (2–28–08) through 3 months after surgery. Pt's surgery date is 4–23–08."

[¶ 7] Ms. Bailey had surgery on April 23, 2008, and subsequently began physical therapy. Dr. Whelan completed another disability certificate on August 4, 2008, indicating that Ms. Bailey would continue to be off work for another two months. On September 9, 2008, Dr. Whelan filled out a form for Ms. Bailey's private disability insurance, which stated that Ms. Bailey still could not work.

[¶ 8] The Division initially denied coverage, but later agreed that Ms. Bailey's injury was compensable and paid her medical claims. The Division did not, however, award her TTD benefits, asserting that she had not filed a proper application for benefits. The OAH held a contested case hearing on November 4, 2008. The OAH ruled there was no evidence that Ms. Bailey filed her application for TTD benefits with the Division on January 2, 2008, as she claimed and, in any event, she was not entitled to benefits because her application did not contain a health care provider's certification. Ms. Bailey filed a petition for judicial review with the district court, and that court determined the OAH finding that there was no evidence Ms.

Bailey filed her application was not supported by substantial evidence because she testified repeatedly that she faxed it to the Division on January 2, 2008. The district court, nevertheless, upheld the OAH decision denying benefits because her application did not contain a proper certification from her health care provider. Ms. Bailey appealed to this Court.

## STANDARD OF REVIEW

[¶ 9] This case requires interpretation of worker's compensation law, necessitating application of the following standard of review:

> The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.

*Osenbaugh v. State ex rel. Wyoming Workers' Safety & Comp. Div.,* 10 P.3d 544, 547–48 (Wyo.2000) (citations omitted). *See also, Boe v. State ex rel. Wyoming Workers' Safety & Comp. Div.,* 2009 WY 115, ¶ 7, 216 P.3d 494, 496 (Wyo.2009). Similarly, interpretation of the agency rules and regulations implementing statutory directives is a question of law, reviewed *de novo. See Powder River Basin Resource Council v. Wyoming Dep't of Environmental Quality,* 2010 WY 25, ¶ 6, 226 P.3d 809, 813 (Wyo.2010).

## DISCUSSION

[¶ 10] The OAH's decision denying TTD benefits did not focus on whether Ms. Bailey met the definition of TTD under Wyo. Stat. Ann. § 27–14–102(a)(xviii) (LexisNexis 2009), i.e., whether she was "temporarily and totally incapacitated from performing employment at any gainful employment or occupation for which [she was] reasonably suited by experience or training." Instead, it ruled that the procedural deficiencies in her application for benefits warranted denial of her claim. Resolution of this issue requires us to interpret the relevant statutes and administrative agency rules.

> [S]tatutory interpretation begins with an inquiry into the ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged. [*Parodi v. Wyoming Department of Transportation,* 947 P.2d 1294, 1295 (Wyo.1997) ]; *Sheridan Commercial Park, Inc. v. Briggs,* 848 P.2d 811, 815 (Wyo.1993). If more than one reasonable interpretation exists, we resort to general principles of statutory construction. *Moncrief v. Wyoming State Bd. of Equalization,* 856 P.2d 440, 444 (Wyo.1993) (*quoting Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040, 1044 (Wyo.1993)). When the legislature has spoken in unambiguous terms, however, "we are bound to the results so expressed." *State ex rel. Wyoming Workers' Compensation Div. v. Bergeron,* 948 P.2d 1367, 1369 (Wyo.1997).

*Osenbaugh,* 10 P.3d at 548, quoting *Platte Development Co. v. State Environmental Quality Council,* 966 P.2d 972, 974 (Wyo. 1998). We apply the same strategies in interpreting agency rules and regulations. *See Powder River,* ¶ 6, 226 P.3d at 813.

[¶ 11] In addition to the definition of TTD quoted above, several other statutes are relevant to our inquiry. Wyo. Stat. Ann. § 27–14–404(a) (LexisNexis 2009) states in pertinent part:

> If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27–14–102(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. 27–14–403(c).

Wyo. Stat. Ann. § 27–14–404(d) (LexisNexis 2009) sets out procedural requirements for filing a TTD claim and states in relevant part: "Benefits under subsection (a) of this section shall not be paid if . . . (ii) A claim is filed without the signature of the claimant

and certification by the attending health care provider[.]"

[¶ 12] Wyo. Stat. Ann. § 27–14–501(b) (LexisNexis 2009) requires a "health care provider [to] examine the employee before certification and ... without charge file a written report with the division.... The report shall specify reasons for temporary total disability or continued temporary total disability." Subsection (e) of § 27–14–501 states:

An initial claim for temporary total disability benefits under W.S. 27–14–404 and any subsequent claim for temporary total disability following the initial period of certification shall be filed with the division and the division shall transmit a copy of the initial claim to the employer. Failure to file a claim for temporary total disability in accordance with W.S. 27–14–404(d) shall result in denial of the claim.

Finally, Wyo. Stat. Ann. § 27–14–601(e) (LexisNexis 2009) directs the Division to "by rule and regulation establish necessary procedures for the review and settlement of ... claims filed under this act through interviews with employees, employers and health care personnel or through review of written reports."

[¶ 13] To that end, the Division adopted and filed rules setting out the procedural requirements for filing TTD claims. Rules, Regulations and Fee Schedules of the Wyoming Workers' Safety and Compensation Division, Ch. 5, § 4 (August 14, 2006) (Division Rule). Like all administrative rules, the Division Rule has the force and effect of law. *Diamond B Services, Inc. v. Rohde*, 2005 WY 130, ¶ 60, 120 P.3d 1031, 1048 (Wyo.2005). The relevant provisions of the Division Rule state:

Section 4. *Claims for Benefits.* A person seeking an award of benefits under the [Wyoming Workers' Compensation] Act must submit a written application for benefits to the Division, on a form provided by the Division.

. . . .

(b) *Claim for Temporary Total Disability (TTD) Benefits (Lost Wages).*

(i) *When Submitted.* A claim for TTD must be filed within 60 days after the first day of certified temporary total disability. W.S. § 27–14–404(d).

(ii) *Certification.* An award of TTD cannot be made without certification from a treating health care provider that the worker is temporarily and totally disabled (that is, incapacitated from performing any gainful employment for which the worker is reasonably suited by experience or training). The certification shall specify the reasons for the total disability and the expected period of disability.

. . . .

(iv) *Where Submitted.* A claim for TTD benefits must be filed with the Division. W.S. § 27–14–501( [e] ).

[¶ 14] The hearing examiner articulated two independent grounds for denying Ms. Bailey TTD benefits: 1) there was no evidence that she submitted her application for TTD benefits to the Division on January 2, 2008; and 2) her application did not include a proper certification from her health care provider. The district court determined that the record did not contain sufficient evidence to support the hearing examiner's ruling on the first basis, but the OAH decision on the second matter was correct and dispositive.

[¶ 15] We agree that resolution of the certification issue is dispositive and will focus on that analysis. We start by recognizing that the claimant has the burden of proving the essential elements of her claim by a preponderance of the evidence. *Sims v. State ex rel. Wyoming Workers' Comp. Div.*, 872 P.2d 555, 557 (Wyo.1994). The claimant "also must establish [her] compliance with the rules and procedures set forth in the Wyoming Worker's Compensation Act." *Alcorn v. Sauer Drilling Co.*, 2006 WY 15, ¶ 7, 126 P.3d 924, 926 (Wyo.2006), citing *Pittman v. State ex rel. Wyoming Workers' Comp. Div.*, 917 P.2d 614, 617 (Wyo.1996).

[¶ 16] Sections 27–14–404(d) and 501(b) and (e) and the Division Rule require certification by the treating health care provider that the worker is temporarily and totally disabled. The Division Rule mandates that the application for benefits be

submitted on a form provided by the Division and the health care provider specify the reasons for the disability and the expected period of disability. Division Rule, Ch. 5, § 4.

[¶ 17] The Division's TTD form contains two parts, one for the employee to complete with questions about her personal information, injury and work status and a separate section titled "Health Care Provider's Certification of Temporary Total Disability." The health care provider's section starts with the following statement:

THIS CERTIFICATION FULFILLS THE REQUIREMENT UNDER W.S. 27–14–404 AND 27–14–501(B) FOR TTD BENEFITS. THE HEALTH CARE PROVIDER SHALL EXAMINE THE INJURED EMPLOYEE AND FILE THIS WRITTEN REPORT WITH THE WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION.

The health care provider is required to supply a significant amount of information, including: the health care provider's name, address, phone number and federal tax identification number; the employee's diagnosis; whether the injury was work related; the date the employee will be able to return to full duty work; whether the employee can return to modified duty work and, if so, what restrictions would be imposed; the dates of the health care provider's last examination of the employee and the employee's next appointment; whether surgery is indicated and the number of anticipated follow up visits; who the provider referred the employee to; whether the employee's injury resulted in an ascertainable loss, as that term is defined in Wyoming law; and whether the provider can provide a permanent impairment rating. The health care provider is required to sign and date the form under the following certification:

BASED ON MY EXAMINATIONS, CONDUCT AND STATEMENTS OF THE EMPLOYEE, I HEREBY CERTIFY THAT I HAVE EXAMINED THE ABOVE PATIENT WITHIN THE LAST SIXTY (60) DAYS AND THAT THE ABOVE PATIENT IS TEMPORARILY DISABLED FROM RETURNING TO ANY GAINFUL EMPLOYMENT EXCEPT AS SET FORTH ABOVE.

The health care provider must also provide the dates of the expected duration of temporary total disability.

[¶ 18] Ms. Bailey filled out the employee's section of her application for TTD benefits and signed and dated it January 2, 2008. The health care provider's certification was not completed or signed by her doctor, although Ms. Bailey filled in some of that section herself.

[¶ 19] Ms. Bailey claims that, despite the fact the Division's form was not completed by her physician, the legal requirements were satisfied by a combination of the employee part of her application for TTD benefits and Dr. Dotson's Return to Work/School Statement. Dr. Dotson's form was dated December 26, 2007, and indicated that Ms. Bailey's work status was "No work." It included the comment: "patient unable to work until seen by orthopedic Dr." and was signed by someone in Dr. Dotson's office.

[¶ 20] Dr. Dotson's Return to Work/School document was not the form provided by the Division for TTD certification and, consequently, did not meet the requirement to use the Division's form set out in Division Rule, Ch. 5, § 4. The Return to Work/School document did not include a certification that Ms. Bailey was temporarily totally disabled under Wyoming law or set forth the reasons for the disability or expected period of disability as required by the Division Rule and §§ 27–14–404(d) and 501(b). Moreover, Dr. Dotson's form did not provide detailed information about the health care provider or Ms. Bailey's diagnosis, treatment plan, or prognosis.

[¶ 21] Section 27–14–404(d) mandates that TTD benefits "shall not be paid if … a claim is filed without the signature of the claimant and certification by the attending health care provider." Given that Ms. Bailey did not fulfill the statutory or regulatory requirements for health care provider certification, we agree with the hearing examiner that she was not entitled to TTD benefits. *See generally, Hernandez v. Laramie County School Dist. No. 1,* 8 P.3d 318, 323 (Wyo. 2000); *Snyder v. State ex rel. Wyoming*

Worker's Comp. Div., 957 P.2d 289, 293 (Wyo.1998); *Higgins v. State ex rel. Wyoming Worker's Comp. Div.*, 739 P.2d 129, 133 (Wyo.1987).

[¶ 22] Ms. Bailey claims that we should overlook the procedural deficiencies and decide the case on its merits. In support of her assertion, she directs us to part of Wyo. Stat. Ann. § 27–14–101(b) (LexisNexis 2009), which provides that "benefit claims cases [should] be decided on their merits." A review of the entire statutory section reveals that Ms. Bailey is taking that phrase out of context and misinterpreting the legislature's intent in adopting § 27–14–101(b):

> (b) It is the intent of the legislature in creating the Wyoming worker's compensation division that the laws administered by it to provide a worker's benefit system be interpreted to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers who are subject to the Worker's Compensation Act. It is the specific intent of the legislature that benefit claims cases be decided on their merits and that the common law rule of "liberal construction" based on the supposed "remedial" basis of workers' benefits legislation shall not apply in these cases. The worker's benefit system in Wyoming is based on a mutual renunciation of common law rights and defenses by employers and employees alike. Accordingly, the legislature declares that the Worker's Compensation Act is not remedial in any sense and is not to be given a broad liberal construction in favor of any party.

[¶ 23] The language of this section indicates a clear intent to abrogate the common law rule that workers' compensation laws were interpreted in favor of injured employees. We explained in *Appleby v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2002 WY 84, ¶ 27, 47 P.3d 613, 621 (Wyo. 2002) that in § 27–14–101(b), the legislature "specifically renounced any rule affording liberal construction to workers' compensation statutes, and our statutory interpretations must be reached without the assistance of any presumption in favor of coverage." The reference to deciding benefit claims cases "on

their merits" was in the context of nullifying the historical liberal construction in favor of coverage. Contrary to Ms. Bailey's assertion, there is nothing in the section indicating that the legislature intended that procedural deficiencies be overlooked simply because the claimant appears to meet the definition of TTD.

[¶ 24] Ms. Bailey also claims that the Division cannot insist on strict compliance with the procedural requirements of the Wyoming Workers' Compensation Act because it did not fulfill its procedural responsibilities. In particular, she claims the Division violated § 27–14–601(d) by not telling her that she had not filed the proper form for TTD benefits and § 27–14–404(k) by failing to advise her that she was entitled to receive interim TTD benefits. Section 27–14–601(d) states:

> (d) Upon receipt of a claim for impairment, disability or death benefits filed under W.S. 27–14–403(g) or 27–14–501(e) and (f) and if the initial injury or death resulting from injury is determined compensable and within the jurisdiction of this act, the division shall determine if the injured employee or his dependents are eligible for benefits and shall approve or deny the claim in accordance with this act. If a claim is approved, the division shall determine the amount of the award for compensation in accordance with W.S. 27–14–403 through 27–14–406 and 27–14–408, if applicable. The division shall provide notice of any determination under this subsection to the employer, employee and the claimant.

This statutory provision does not require the Division to inform the claimant that she filed an incorrect form or did not fill it out correctly. It simply requires the Division to make a determination as to whether the claimant is eligible for benefits and provide notice of that determination to the interested parties.

[¶ 25] Section 27–14–404(k) provides for interim TTD benefits "[i]f the employer objects to a division determination that an injury is compensable and the employee's health care provider has certified the employee as temporarily totally disabled...." That provision does not apply in this case because: 1)

the Division originally determined Ms. Bailey's injury was not compensable; 2) she does not identify any evidence in the record indicating that, once the Division determined her injury was compensable, the employer objected; and 3) as we stated earlier, her health care provider did not properly certify that she was temporarily totally disabled under Wyoming law. Moreover, Ms. Bailey does not direct us to any legal authority stating that the Division is obligated to notify her of all potential benefits.[1]

[¶ 26] Ms. Bailey also claims that *State ex rel. Wyoming Workers' Comp. Div. v. Gerdes,* 951 P.2d 1170 (Wyo.1997) supports allowing her TTD claim even though she failed to file an appropriate application for benefits. In that case, Ms. Gerdes received TTD benefits until her doctor indicated that she had reached maximum medical improvement, at which point the Division terminated her continuing benefits. *Id.* at 1172. She objected and, after a hearing, the OAH determined that she had not reached maximum medical improvement and awarded her TTD benefits for the period prior to the hearing. The Division appealed, claiming that Ms. Gerdes was not entitled to benefits because she did not file claim certifications while her contested case was pending. *Id.* at 1173. This Court noted that § 27–14–404(d) does not address the procedural requirements for requesting continuing benefits after benefits have been terminated and the claimant is awaiting a contested case hearing. We ruled, therefore, that the certification requirements set forth in the statute did not apply under such circumstances. *Id.* at 1174–75.

[¶ 27] The critical distinction between *Gerdes* and the present case is the type of benefit being requested. In *Gerdes,* the employee had already filed her initial application and had been receiving TTD benefits for some time. She was simply requesting continuing benefits. Here, we are concerned with an initial claim for TTD benefits.

[¶ 28] In that regard, *Alcorn* is more applicable. Mr. Alcorn did not file his initial claim for TTD benefits by the statutory deadline. *Alcorn,* ¶ 10, 126 P.3d at 926. We distinguished *Gerdes* when we affirmed the denial of TTD benefits to Mr. Alcorn:

> The facts regarding Mr. Alcorn's claim for TTD benefits are distinguishable from those presented in *Gerdes.* Mr. Alcorn's claim for retroactive TTD benefits is a claim for initial TTD benefits. It is not a claim for a continuation of TTD benefits as was present in *Gerdes.* The applicable statutes and rules are not silent regarding the procedural requirements which must be met by a claimant for an initial award of TTD benefits. The unambiguous language of the pertinent statutes and rules requires timely filing of the TTD claim and certification by a healthcare provider. A claimant's failure to file a timely claim limits the Division's opportunity to effectively monitor and evaluate a claimant's entitlement to TTD benefits. The failure to properly file an initial TTD claim also undermines an employer's right to offer light duty work to the employee in lieu of TTD benefits.

*Id.,* ¶ 13, 126 P.3d at 927–28.

[¶ 29] Although Ms. Bailey committed a different procedural error than Mr. Alcorn, the legal principle is the same. Ms. Bailey failed to file a proper initial claim for TTD benefits and the statutes and rules provide that, under those circumstances, benefits "shall not be paid." Section 27–14–404(d). The same policies for denying benefits expressed in *Alcorn* apply here. Because the health care provider did not fill out the Division's form, the Division and employer did not have information necessary to effectively evaluate and monitor Ms. Bailey's qualification for benefits and the employer was not provided the opportunity to determine whether it could offer her alternative work.

## CONCLUSION

[¶ 30] Ms. Bailey did not comply with the statutory and regulatory requirements for

---

1. Ms. Bailey acknowledged that she had received a handbook from the Division after she filed her report of injury. She testified she read the handbook, but did not remember that it included information about TTD benefits. Ms. Bailey agreed that the handbook included various forms and stated that the TTD application she filed was from the handbook.

filing an application of TTD benefits. Her failure to file a proper health care provider's certification was fatal to her claim. The OAH correctly denied her claim for TTD benefits.

[¶ 31]   Affirmed.