2011 WY 105

**Eugene Dale SWANEY, Appellant (Respondent),**

v.

**The STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES, CHILD SUPPORT ENFORCEMENT, Appellee (Petitioner).**

No.  S–10–0261.

Supreme Court of Wyoming.

July 8, 2011.

Representing Appellant: Julie Hernandez and Rick Martinez of Legal Aid of Wyoming, Inc., Cheyenne, Wyoming; Wendy S. Ross of Parsons and Cameron, P.C., Cheyenne, Wyoming.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Christina F. McCabe, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]  Mother and Father, though unmarried, had three children together. After the parties separated, Mother filed a Petition to Establish Paternity, Custody and Child Support. Mother obtained custody of the children and Father was ordered to pay child support. Father later became disabled, which eventually led to the issue presently before this Court: what credit, if any, should Father receive for disability benefit payments received after the disability was determined, against child support arrearages owed before he became disabled. We will affirm the district court's denial of credit, but as a matter of law, rather than as a matter of exercised discretion.

## ISSUE

[¶ 2]  May the district court credit Social Security disability benefits paid to dependent children against child support arrearages owed before the obligor became disabled?

## STANDARD OF REVIEW

[¶ 3]  Usually, we review district court determinations regarding child support for an abuse of discretion. *Starkey v. Starkey*, 2007 WY 106, ¶ 5, 161 P.3d 515, 516 (Wyo.2007). To the extent that our determination requires statutory construction, which is a question of law, our review is *de novo*. *Boe v. State ex rel. Wyo. Workers' Safety & Comp. Div. (In re Boe)*, 2009 WY 115, ¶ 7,

216 P.3d 494, 496 (Wyo.2009); *State ex rel. Wyo. Dep't of Revenue v. Hanover Compression, LP*, 2008 WY 138, ¶ 8, 196 P.3d 781, 784 (Wyo.2008); *Alcorn v. Sauer Drilling Co.*, 2006 WY 15, ¶ 6, 126 P.3d 924, 925 (Wyo. 2006).

## FACTS

[¶ 4]  The salient facts of this case are not many, and the details of child support amounts, payments, arrearages, and modifications are not relevant to resolution of the dispute. Mother obtained custody of the parties' children and Father was ordered to pay child support. Father's efforts in that regard were less than stellar, and child support arrearages developed. Due to a disability arising after the initial court order, Father's child support obligation was modified downward in a later order. Eventually, Father was approved for Social Security disability benefits, and both he and the children received lump sum payments for the period retroactive to the date Father became eligible for benefits, as well as future monthly disability benefits payments.[1]

[¶ 5]  In a series of orders, the district court gave Father credit against his child support arrearages back to the date he became eligible for benefits, based upon the amount of the lump sum retroactive payments received by the children. The district court also gave Father credit for amounts that had been withheld from his monthly disability payments under an income withholding order obtained by the Department of Family Services, Child Support Enforcement, for the period after he became disabled, but before he became eligible to receive benefits. Based upon equitable considerations, however, the district court refused to credit any of the disability payments against arrearages existing on the date Father became disabled. Father appeals from that denial.

## DISCUSSION

[¶ 6]  We have previously dealt with the issue of how Social Security disability

---

1. In 2010, the Social Security Administration determined that Father was disabled in May 2006, but that he was not eligible for payments until November 2006.

benefit payments fit into the calculation of a child support obligation. *See Groenstein v. Groenstein,* 2005 WY 6, ¶¶ 19–31, 104 P.3d 765, 770–74 (Wyo.2005). In short, benefit payments received directly by children are counted as part of the obligor's income, but are also then credited against the resultant child support obligation. *Id.* Those conclusions are now codified at Wyo. Stat. Ann. § 20–2–304(e) (LexisNexis 2011), which reads as follows:

(e) If a proportion of a support obligor's social security or veteran's benefit is paid directly to the custodian of the obligor's dependents who are the subject of the child support order, the total amount of the social security or veteran's benefit, including the amounts paid to the obligor and custodian under the child support order, shall be counted as gross income to the obligor. However, in determining the support amount, the amount of the social security or veteran's benefit sent directly to the custodian shall be subtracted from the obligor's share of presumptive support. If the subtraction of the social security or veteran's benefit sent directly to the custodian results in a negative dollar amount, the support amount shall be set at zero. The child support obligation shall be offset by the amount of the social security or veteran's benefit sent directly to the custodian, beginning from the time the custodian began receiving the social security or veteran's benefit. The obligor or the department of family services may apply to the court to receive a credit against arrears for any social security or veteran's benefits that are paid retroactively to the custodian. For purposes of this subsection, "custodian" means the custodian of dependent children under a child support order and the physical custodian of dependent children who are the subject of a child support order.[2]

[¶ 7] "The majority of courts do not allow the application of excess benefits to reduce arrearages that accrued before the disability." *Clark v. Clark,* 110 Hawai'i 459, 134 P.3d 625, 633 (Haw.Ct.App.2006) (quoting *Child Support Enforcement Agency v. Doe,* 92 Hawai'i

276, 990 P.2d 1158, 1168 n.9 (Haw.Ct.App. 1999)). The rationale of the majority rule is that the disability benefits belong to the children, and not to the obligor, meaning such a credit would have the children paying for their own support. *Id.* at 635. We agreed with that result, albeit without discussion as to rationale, in *dictum* found in *Groenstein,* 2005 WY 6, ¶ 30 n.2, 104 P.3d at 774 n.2, where we said: "Should the support obligation be less than the dependency benefit, the non-custodial parent owes no additional amount, ***but he is not entitled to a rebate.***" (Emphasis added.)

[¶ 8] The district court in this case denied Father's sought-after credit against pre-disability arrearages, but it did so by following the minority rule. Under that minority rule, the district court considers the equities of the situation, and exercises its discretion in either granting or denying the petition for credit. *See, e.g., Commonwealth v. Skeens,* 18 Va.App. 154, 442 S.E.2d 432, 436 (Va.Ct.App.1994). That procedure, we believe, runs contrary to the well-established principle that disability benefits paid to dependent children are the property of those children, runs contrary to what we said in *Groenstein,* and runs contrary to the statutory language that allows an "offset" only for the period after benefit payments are being sent to the children's custodian.

[¶ 9] This issue, and related issues, are thoroughly dissected in Tori R.A. Kricken, *Child Support and Social Security Dependent Benefits: A Comprehensive Analysis and Proposal for Wyoming,* 2 Wyo. L.Rev. 39 (2002). Writing before *Groenstein* was published, and before Wyo. Stat. Ann. § 20–2–304(e) was adopted, Kricken reached the conclusion that Wyoming should take the position that "in no event should any benefits 'excess' be allowed as a credit against arrearages prior to the date of disability; the excess is a gratuity to the child." *Id.* at 88. We believe Kricken's analysis and conclusion are correct because, not only does such an approach recognize the long-standing principle that disability and similar payments made directly to dependents belong to the dependents, but it also allows for consistency

---

2. *See* 2005 *Wyo. Sess. Laws* ch.12, § 1, at 61.

in the handling of such payments in the child support context.[3]

## CONCLUSION

[¶ 10] The district court may not credit Social Security disability benefits paid to dependent children against child support arrearages owed before the obligor became disabled. Such benefits belong to the children, not to the obligor, and therefore are not available to be applied as a credit or offset to amounts owed by the obligor.

[¶ 11] We affirm the district court upon the grounds set forth above.

**3.** We are inclined to add one additional comment about the Kricken article. Ms. Kricken opines that our opinion in *Hinckley v. Hinckley*, 812 P.2d 907, 912–13 (Wyo.1991), requires an obligor seeking credit against child support arrearages to petition for a modification of the child support order. Kricken, *supra* ¶ 9, at 80. We note that Wyo. Stat. Ann. § 20–2–304(e) now allows an obligor simply to apply to the court for such credit.