2003 WY 83

In the Matter of The Workers' Compensation Claim of Darcy S. TAYLOR, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).

No. 02–186.

Supreme Court of Wyoming.

July 10, 2003.

Kathleen J. Swanson of Murane & Bostwick, LLC, Casper, Wyoming, Representing Appellant.

Hoke MacMillan, Attorney General; John W. Renneisen, Deputy Attorney General; Steve Czoschke, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] Darcy S. Taylor (Taylor) seeks review of the Office of Administrative Hearings' (OAH) order stating the method for calculating his worker's compensation benefits. The district court affirmed the decision of the OAH. In 1990, Taylor's feet were crushed in a work-related accident that resulted in partial amputation of his left foot. Doctors assessed impairment in the left foot at 75%, for which Taylor received benefits. In 2000, Taylor underwent additional surgery that increased his impairment rating to 83%. Taylor disagrees with the OAH's method of calculating his additional benefits. We affirm.

## ISSUES

[¶ 2] Taylor presents the following issue on appeal:

Whether the Office of Administrative Hearings improperly calculated Darcy Taylor's award for Permanent Partial Impairment of 83%, based upon Wyo. Stat. § 27–14–405(g) in effect in April, 2000, by subtracting 75%.

## FACTS

[¶ 3] In 1990, after a serious work-related injury at a sawmill, doctors partially amputated Taylor's left foot near the arch. As a result, Taylor has undergone treatment for several consequential progressive injuries stemming from the original accident. The Wyoming Division of Workers' Safety and Compensation (the Division) has paid Taylor worker's compensation benefits for these injuries.

[¶ 4] Doctors initially assessed Taylor's permanent partial impairment (PPI) in the left foot at 75%. In April 2000, after Taylor underwent surgery to release his left Achilles tendon, his doctor increased his impairment rating to 83%. In September 2000, the Division advised Taylor that his temporary total disability had ended, and that he qualified to apply for a PPI award based on the 83% impairment to his left foot. The Division had previously awarded Taylor $20,176.92 for his 75% impairment, calculated pursuant to statutes in effect in 1990 when the original injury occurred. In its Notice of Permanent Partial Impairment Rating to Taylor, the Division advised Taylor how the new award would be calculated: "Twenty four months × $1120.94 which is 2/3 of the states average [1990] wage × 83% = $22,329.12. ... You received a seventy-five percent ($20,176.92) permanent partial impairment award for your left foot July 1991. *Therefore, you are entitled to receive the difference/additional impairment percentage which equals $2,152.20.*" (Emphasis in original.)

[¶ 5] Taylor disagreed that the calculation should be based on the 1990 average wage, and a hearing was held before the OAH. At the hearing, Taylor argued that his surgery in 2000 constituted a second compensable injury, and that he should be awarded an 83% PPI award under the 2000 statute, using the average monthly wage in 2000 less the award he previously received. The OAH agreed that the surgery was a second compensable injury, and eventually determined that the award would be calculated using the 8% increase in PPI and the statute in effect at the time of the second injury. The OAH determined the award would be calculated taking the 8% increased PPI rating and multiplying it by 44 months as found in Wyo. Stat Ann. § 27–14–405(g) (LexisNexis 2003). This amount was then to be multiplied by the statewide monthly average wage in effect in the quarter preceding July 2000 to arrive at the new PPI award.

[¶ 6] Taylor agreed with the last OAH method of calculating the award amount, but contended there should be no deduction for the prior 75% payment, and appealed to the district court. The district court affirmed

the OAH's calculation and its order in entirety, and this appeal followed.

## STANDARD OF REVIEW

[¶ 7] "When reviewing an administrative order, we are not compelled to accept any of the conclusions reached by the district court, and will review the case as if it had come directly to this Court from the agency." *Appleby v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 2002 WY 84, ¶ 9, 47 P.3d 613, 616 (Wyo.2002). Taylor presents a pure question of law that requires interpretation of Wyo. Stat. Ann. § 27–14–405(g). Statutory interpretation and the application of law made by an administrative agency are reviewed by this Court *de novo. Bailey v. State ex rel. Wyoming Workers' Safety and . Compensation Div.,* 2002 WY 145, ¶ 10, 55 P.3d 23, 26 (Wyo.2002); *Gray v. Stratton Real Estate,* 2001 WY 125, ¶ 5, 36 P.3d 1127, 1128 (Wyo.2001).

"The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law over which our review authority is plenary. *Collicott [v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 2001 WY 35] ¶ 4 [20 P.3d 1077, ¶ 4 (Wyo.2001)]. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. *Id.* We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. *Id.*"

*Bailey,* 2002 WY 145, ¶ 9, 55 P.3d at 26 (*quoting State ex rel. Wyoming Workers' Safety and Compensation Div. v. Garl,* 2001 WY 59, ¶ 9, 26 P.3d 1029, 1032 (Wyo.2001)).

## DISCUSSION

[¶ 8] Taylor argues that the hearing examiner improperly calculated his PPI award with respect to Wyo. Stat. Ann. § 27–14–405(g). Taylor claims that because the statutory language in effect at the time of his second compensable injury is different from the language in effect at the time of the original injury in 1990, the worker's compensation benefits he previously received should not be deducted from the present calculation.

Taylor claims that Wyo. Stat. Ann. § 27–14–405(b)[1] applicable in 1990 contained language providing for the subtraction of previous awards, whereas the statute in effect in 2000 contained no such language. Wyo. Stat. Ann. § 27–14–405(b) applicable in 1990 stated:

For any permanent partial disability described in this section, the employee shall receive for the number of months indicated a monthly payment as provided by W.S. 27–14–403(c), **less any previous awards for the same body part**[.]

(Emphasis added.) Wyo. Stat. Ann. § 27–14–405(g) applicable in 2000 provided:

An injured employee's impairment shall be rated by a licensed physician using the most recent edition of the American Medical Association's guide to the evaluation of permanent impairment. The award shall be paid as provided by W.S. 27–14–403 for the number of months determined by multiplying the percentage of impairment by forty-four (44) months.

[¶ 9] Taylor's claim requires us to interpret Wyo. Stat. Ann. § 27–14–405(g). Statutory interpretation involves a reasoned search for the intention of the legislature. *Petroleum Inc. v. State ex rel. State Bd. of Equalization*, 983 P.2d 1237, 1240 (Wyo.1999). We interpret statutory language in light of the purpose and policy behind the enactment. In seeking to ascertain the intent of the legislature regarding the proper construction, we are guided by the fact that the legislature is presumed to have intended a reasonable, just, and constitutional result. 82 C.J.S. *Statutes* §§ 307–310 (1999); *Petroleum Inc.*, 983 P.2d at 1240.

[¶ 10] The rules of statutory interpretation are well recognized.

"We first decide whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. A 'statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability.' *Allied–Signal, Inc. [v. Wyoming State Board of Equalization]*, 813 P.2d [214,] 220 [ (Wyo.1991) ]. A 'stat-

ute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations.' 813 P.2d at 219–20."

*Powder River Coal Co. v. Wyoming State Bd. of Equalization*, 2002 WY 5, ¶ 6, 38 P.3d 423, 426 (Wyo.2002) *(quoting State v. Bannon Energy Corp.*, 999 P.2d 1306, 1308–09 (Wyo.2000)).

"When the words used are clear and unambiguous, a court risks an impermissible substitution of its own views, or those of others, for the intent of the legislature if any effort is made to interpret or construe statutes on any basis other than the language invoked by the legislature. . . . If the language selected by the legislature is sufficiently definitive, that language establishes the rule of law. . . . This inhibition upon statutory construction offers assurance that the legislative efforts and determinations of elected representatives will be made effective without judicial adjustment or gloss."

*State ex rel. Dept. of Revenue v. Buggy Bath Unlimited, Inc.*, 2001 WY 27, ¶ 16, 18 P.3d 1182, 1187 (Wyo.2001) *(quoting Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 219 (Wyo.1991)).

[¶ 11] We find the language in the 1990 and 2000 statutes to be clear and unambiguous, and we conclude that the subtraction language in the 1990 statute was superfluous because the law does not allow one to receive double compensation for the same injury. In *State ex rel. Wyoming Worker's Compensation Div. v. Colvin*, 681 P.2d 269, 273 (Wyo.1984), we held that double recovery was prohibited (claimant could not be compensated for the partial loss of his entire arm and also be compensated for the individual injuries to the same member).

[¶ 12] It is true that this Court has recognized the second compensable injury rule, under which an employee who has incurred a compensable injury and received benefits for that injury, may receive more benefits for a compensable injury caused by the first injury, regardless of the passage of time. *Yenne–Tully v. State ex rel. Wyoming Workers' Safety and Compensation Div.*,

---

1. Wyo. Stat. Ann. § 27–14–405(a) and (b) were repealed in 1994.

2002 WY 90, ¶ 10, 48 P.3d 1057, 1062 (Wyo. 2002). In order for a second injury to be compensable, the original compensable injury must be the direct cause of the subsequent injury. *Id.*

[¶ 13] In the instant case, there is no dispute that Taylor had a second compensable injury for which he could receive compensation benefits. There also is no dispute that the PPI rating is now 83%, an additional 8% over his original assessment. Therefore, the hearing examiner concluded that the calculation, based on the 2000 version of Wyo. Stat. Ann. § 27–14–405(g), would be 8% times 44 months times the wage rate in effect in the quarter preceding July 2000. We conclude that the hearing examiner's calculation of Taylor's increased impairment is correct according to the statute. To do as Taylor suggests would allow him a "double recovery" of 158% (75% + 83%), which is contrary to the intent of the Wyoming Worker's Compensation Act.

## CONCLUSION

[¶ 14] The OAH properly applied Wyo. Stat. Ann. § 27–14–405(g) in calculating Taylor's PPI award. The order of the district court affirming the OAH is affirmed.