2011 WY 57

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant (Petitioner),**

v.

**Leonard A. SINGER, Appellee (Respondent).**

No. S–10–0064.

Supreme Court of Wyoming.

March 30, 2011.

Representing Appellant: Bruce A. Salzburg, Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General; Douglas M. Lesley, Special Assistant Attorney General.

Representing Appellee: Mark L. Carman, Carman Law Office, PC, Billings, Montana.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Wyoming Workers' Safety and Compensation Division, challenges an order from the Office of Administrative Hearings granting permanent total disability benefits to Leonard Singer. The Division contends the award should have been reduced by the amount of the award Mr. Singer previously received for his permanent partial impairment. The Division challenged the hearing examiner's ruling in district court and the appeal was certified to this Court. We reverse.

## ISSUE

[¶ 2] The Division presents the following issue:

Did the hearing examiner, as a matter of fact and law, misinterpret and misapply

Wyo. Stat. Ann. §§ 27–14–405 and 27–14–406 in concluding the legislature did not intend for previous physical impairment awards to be deducted from permanent total disability awards granted pursuant to the Wyoming Worker's Compensation Act?

### FACTS

[¶ 3] This case involves the relationships among permanent partial impairment, permanent partial disability, and permanent total disability awards. Mr. Singer experienced a work-related injury in 2002 and received workers' compensation benefits related to the injury. In 2003, it was determined that Mr. Singer had a 30 percent whole body permanent partial impairment due to his injury and he accepted a permanent partial impairment award of $22,118.45 from the Division. In 2004, he received a permanent partial disability award of $49,009.94 as a result of the same injury. In 2009, the Division determined that Mr. Singer was entitled to a permanent total disability award of $202,000.80 due to the progression of his injury.

[¶ 4] The Division reduced Mr. Singer's permanent total disability award by $49,009.94 for the previous permanent partial disability award and by $22,118.45 for the previous permanent partial impairment award. The award was also discounted due to Mr. Singer's election to receive the award in lump-sum. The resulting amount of $115,159.18 was paid to Mr. Singer. Mr. Singer agreed that his previous permanent partial disability award should be deducted, but objected to the deduction of his previous permanent partial impairment award. The matter was referred to the Office of Administrative Hearings for a contested case hearing. The hearing examiner concluded that the Division had incorrectly reduced Mr. Singer's permanent total disability award by the amount paid to Mr. Singer for his previous permanent partial impairment award. The Division petitioned for review by the district court. The district court certified the matter to this Court pursuant to W.R.A.P. 12.09(b), and we accepted the case for review.

### STANDARD OF REVIEW

[¶ 5] The facts in this case are not in dispute. We are presented solely with a question of statutory interpretation. When the issue is one of interpretation and application of law, we give no deference to an agency's decision:

> The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.

*Ball v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 128, ¶ 18, 239 P.3d 621, 627 (Wyo.2010) (quoting *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Faulkner*, 2007 WY 31, ¶ 10, 152 P.3d 394, 396 (Wyo. 2007)). In other words, we review *de novo* an agency's conclusions of law. *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 26, 188 P.3d 554, 561–62 (Wyo.2008).

### DISCUSSION

[¶ 6] The statute at the heart of this dispute is Wyo. Stat. Ann. § 27–14–406, which states:

> **§ 27–14–406. Permanent total disability; benefits.**
>
> (a) Subject to W.S. 27–14–602, upon certification by a physician licensed to practice surgery or medicine that an injury results in permanent total disability as defined under W.S. 27–14–102(a)(xvi), an injured employee shall receive for eighty (80) months a monthly payment as provided by W.S. 27–14–403(c) **less any previous awards under W.S. 27–14–405 which were involved in the determination of permanent total disability,** and dependent children shall receive an award as provided by W.S. 27–14–403(b). The monthly payment amount computed under W.S. 27–14–403(c) and any amount awarded under W.S. 27–14–408 **shall constitute the exclusive benefit for both the physi-**

**cal impairment and the economic loss resulting from an injury,** including loss of earnings, extra expenses associated with the injury and vocational rehabilitation. An employee shall not receive benefits under this section if receiving benefits under W.S. 27–14–404 or 27–14–405.

(LexisNexis 2009) (emphasis added). It is undisputed that Mr. Singer's previous impairment award was made "under Wyo. Stat. Ann. § 27–14–405." The hearing examiner concluded, however, that the permanent partial impairment award should not have been deducted from the permanent total disability award because it was not an award that was "involved in the determination of permanent total disability." The Division disagrees with that interpretation.

▪▪▪ [¶ 7] In resolving this issue we are guided by well-established rules of statutory interpretation.

> First, we determine if the statute is ambiguous or unambiguous. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. Unless another meaning is clearly intended, words and phrases shall be taken in their ordinary and usual sense. Conversely, a statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations.

*Sinclair Oil v. Wyoming Dep't of Revenue,* 2010 WY 122, ¶ 7, 238 P.3d 568, 570–71 (Wyo. 2010) (quoting *BP America Production Co. v. Dep't of Revenue,* 2006 WY 27, ¶ 20, 130 P.3d 438, 464 (Wyo.2006)). When a statute is ambiguous, "the court will resort to general principles of statutory construction in an attempt to ascertain legislative intent." *Deloges v. State ex rel. Wyo. Workers' Compensation Division,* 750 P.2d 1329, 1331 (Wyo. 1988).

[¶ 8] Wyo. Stat. Ann. § 27–14–406 mandates deduction of "any previous awards under W.S. 27–14–405 which were involved in the determination of permanent total disability." Wyo. Stat. Ann. § 27–14–405 provides for both impairment and disability awards:

§ 27–14–405. Permanent partial disability; benefits; schedule; permanent disfigurement; disputed ratings.

. . .

(f) An injured employee suffering an ascertainable loss may apply for a permanent partial impairment award as provided in this section.

(g) An injured employee's impairment shall be rated by a licensed physician using the most recent edition of the American Medical Association's guide to the evaluation of permanent impairment. The award shall be paid as provided by W.S. 27–14–403 for the number of months determined by multiplying the percentage of impairment by sixty (60) months.

(h) An injured employee awarded permanent partial impairment benefits may apply for a permanent disability award subject to the following terms and conditions:

> (i) The injured employee is because of the injury, unable to return to employment at a wage that is at least ninety-five percent (95%) of the monthly gross earnings the employee was earning at the time of injury;

> (ii) An application for permanent partial disability is filed not before three (3) months after the date of ascertainable loss or three (3) months before the last scheduled impairment payment, whichever occurs later, but in no event later than one (1) year following the later date; and

> (iii) The employee has actively sought suitable work, considering the employee's health, education, training and experience.

Wyo. Stat. Ann. § 27–14–405(f)–(h) (LexisNexis 2009).[1]

▪ [¶ 9] A permanent partial impairment award is a prerequisite to a permanent partial disability award. Wyo. Stat. Ann. § 27–14–405(h). Because of this requirement, the Division asserts that Mr. Singer's prior impairment award was necessarily "involved in the determination of permanent total disability." It is difficult to disagree

---

1. Sections (a) through (e) were repealed and renumbered when the Worker's Compensation Act was amended in 1994. 1994 Wyo. Sess. Laws, ch. 86, § 2.

with that conclusion. The word "involved" is defined as "[c]onnected by participation or association." *American Heritage College Dictionary* 730 (4th ed. 2004). Clearly, Mr. Singer's prior impairment award was "connected" to or "associated" with his disability award. It is tempting to end our analysis at this point. It would be possible to conclude that the statute is unambiguous and that deduction of any prior impairment award is mandated by the statute. Unfortunately, resolution of this issue is not so clear cut.

[¶ 10] The Division asserts that all prior impairment awards made under Wyo. Stat. Ann. § 27–14–405 must be deducted from any permanent total disability award. Mr. Singer counters that such an interpretation would render the phrase "which were involved in the determination of permanent total disability" superfluous. If all impairment and disability awards made under Wyo. Stat. Ann. § 27–14–405 must be deducted, according to Mr. Singer, there is no need for the language in dispute. The statute could have achieved the same result by removing the phrase "which were involved in the determination of permanent total disability." The deduction language of the statute would simply read "less any previous awards under W.S. 27–14–405."

[¶ 11] Mr. Singer's position is at the opposite end of the spectrum from that of the Division. He contends the deduction requirement applies only to prior *disability* awards made under Wyo. Stat. Ann. § 27–14–405 and never requires deduction of an *impairment* award. In making this assertion, Mr. Singer relies primarily on precedent from this Court recognizing the distinction between "impairment" and "disability." The Division counters that the legislature could have achieved the same result by limiting the deduction language to disability awards. The statute would then read, "less any previous awards under Wyo. Stat. Ann. § 27–14–405(h)." The Division also points out that we must interpret all portions of the statute *in pari materia*, and that adoption of Mr. Singer's interpretation would contradict the clear expression of legislative intent found in Wyo. Stat. Ann. § 27–14–406(a), which states: "The monthly payment amount

computed under W.S. 27–14–403(c) and any amount awarded under W.S. 27–14–408 **shall constitute the exclusive benefit for both the physical impairment and the economic loss resulting from an injury,** including loss of earnings, extra expenses associated with the injury and vocational rehabilitation." (Emphasis added.)

[¶ 12] We must attempt to discern a legislative intent that provides meaning to the disputed phrase. "[I]t is a fundamental rule of statutory interpretation that all portions of an act must be read in pari materia, and every word, clause, and sentence must be construed so that no part is inoperative or superfluous." *Deloges,* 750 P.2d at 1331.

[¶ 13] The apparent purpose of the statutorily required deduction is to prevent a double recovery of benefits to the injured worker. "[T]he law does not allow one to receive double compensation for the same injury." *Taylor v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2003 WY 83, ¶ 11, 72 P.3d 799, 802 (Wyo.2003). It is undisputed that receipt of payment for a partial disability in addition to payment in full for a total disability for the same injury would be a double recovery. It is not so clear that payment for a partial impairment plus payment for a total disability for the same injury would also be a double recovery.

[¶ 14] There is a distinction between the concepts of impairment and disability. This distinction is indicated by the Worker's Compensation Act itself, our precedent, and the AMA Guides to the Evaluation of Permanent Impairment (Guides), which are used to rate an injured worker's impairment pursuant to Wyo. Stat. Ann. § 27–14–405(g). Each of these authorities indicates that "impairment" connotes physical loss associated with an injury, whereas "disability" connotes economic loss associated with an injury. *See* Wyo. Stat. Ann. § 27–14–102(a)(xv), (xvi) (defining disability in terms of the economic loss to an injured employee); Wyo. Stat. Ann. § 27–14–405 (indicating that an employee's inability to work is a prerequisite to a disability award, but that the ability to work has no impact on eligibility for an impairment award); *Himes v. Petro Engineering and Construction,* 2003 WY 5, ¶ 16 n. 1, 61 P.3d 393, 398 n. 1

(Wyo.2003) (noting that the Worker's Compensation Act provides that a permanent partial impairment rating "is strictly a medical question and is unrelated to the claimant's ability to work"); *McCarty v. Bear Creek Uranium Company*, 694 P.2d 93, 94 (Wyo. 1985) (stating that "[i]n worker's compensation law, disability means an impairment of earning capacity"); Robert D. Rondinelli, et al., *AMA Guides to the Evaluation of Permanent Impairment* 5 (6th ed. 2008) (defining "impairment" in terms of loss of use of body structure or body function and defining "disability" in terms of activity or participation limitations).

[¶ 15]   Mr. Singer contends that the distinction is significant.  He notes that it is possible to incur an impairment without incurring a disability.  He points out that under Wyo. Stat. Ann. § 27–14–405, a qualifying impaired worker may receive both a permanent partial impairment award and a permanent partial disability award.  He contends that interpreting Wyo. Stat. Ann. § 27–14–406 to require deduction of an impairment award, as urged by the Division, would produce an absurd result.  There is, he contends, no logical reason for mandating deduction of impairment awards under Wyo. Stat. Ann. § 27–14–406 on the basis that they constitute a double recovery when Wyo. Stat. Ann. § 27–14–405 clearly allows a worker to receive both benefits.  Stated differently, if impairment benefits are included in all disability awards, they should be deducted from a permanent partial disability award under Wyo. Stat. Ann. § 27–14–405. That statute does not require such a deduction.

[¶ 16]   In making this argument, however, Mr. Singer ignores a significant statutory difference between Wyo. Stat. Ann. § 27–14–405 and Wyo. Stat. Ann. § 27–14–406.  The total disability statute, Wyo. Stat. Ann. § 27–14–406, states that "[t]he monthly payment amount computed under W.S. 27–14–403(c) and any amount awarded under W.S. 27–14–408 shall constitute the exclusive benefit for both the physical impairment and the economic loss resulting from an injury." This language indicates legislative intent that a permanent total disability award includes benefits for both disability and impairment.  There is no similar indication of legislative intent in Wyo. Stat. Ann. § 27–14–405.  Further, Mr. Singer's argument ignores the possibility that the legislature included an impairment award in the calculation of a permanent total disability award, but not in the calculation of a permanent partial disability award.[2]

[¶ 17]   Mr. Singer and the Division have both approached the issue in all or nothing fashion.  The Division contends that all awards under Wyo. Stat. Ann. § 27–14–405 must be deducted.  Mr. Singer contends that only disability awards are required to be deducted.  Neither has addressed the possibility that some impairment awards are required to be deducted, but others are not.

[¶ 18]   According to Wyo. Stat. Ann. § 27–14–405(g), an impairment "shall be rated by a licensed physician using the most recent edition of the American Medical Association's guide to the evaluation of permanent impairment."  The Guides explain that an "[i]mpairment rating enables the physician to render a quantitative estimate of losses to the individual as a result of their health condition, disorder, or disease.  Impairment ratings are defined by anatomic, structural, functional, and diagnostic criteria."  *AMA Guides*, at 5. The Guides use the concept of "whole person impairment," which takes into account "the severity of the organ or body system impairment and the resulting *functional limitations of the whole person.*" *Id.* at 21 (emphasis in original).  When an employee has multiple impairments, the Guides require each impairment to be calculated individually and then combined to reach a whole person impairment rating.  A physician is instructed to "[c]ombine multiple impairments for a final composite whole person impairment number, ... [d]iscuss how individual ratings were combined or added to create a final number[, and] ... [i]nclude a

---

**2.** The payment period for permanent disability benefits was increased from 60 months to 80 months when the Worker's Compensation Act was amended in 1994.  This change coincided with the addition of the impairment benefit for the injured worker.  1994 Wyo. Sess. Laws, ch. 86, § 2.

summary list of impairments and impairment ratings by percentage, including calculation of the whole person impairment, as appropriate." *Id.* at 28. The Guides' requirement that impairments be individually rated permits identification of the particular injuries, and consequently, the particular components of awards, that are related to a determination of permanent total disability.

[¶ 19] It is not difficult to envision a scenario where an employee sustains multiple injuries in a single work-related incident. For example, the employee, in one incident, could injure his back and foot resulting in permanent impairment from both injuries. It is possible that the back injury, irrespective of the foot injury, could progress and eventually result in a permanent total disability award. If the statutory deduction language was applied in such a situation, it would be possible to conclude that the legislature intended that the portion of the partial impairment award attributable to the back injury should be deducted, but that the portion of the partial impairment award attributable to the foot injury should not be deducted because it was not "involved in the determination of permanent total disability."

[¶ 20] In the final analysis, we must conclude that Wyo. Stat. Ann. § 27–14–406 is ambiguous. The language in dispute is susceptible to more than one reasonable interpretation. Because an impairment award under Wyo. Stat. Ann. § 27–14–405 is a prerequisite to a disability award, it is possible to conclude that the legislature intended that all impairment and disability awards under Wyo. Stat. Ann. § 27–14–405 must be deducted. Because of the distinction between impairment and disability, it is also possible that the legislature intended that no previous impairment awards should be deducted. Finally, it is possible to conclude that the legislature intended that some, but not all, impairment awards must be deducted.

[¶ 21] Having concluded that the statutory language is ambiguous, we must determine legislative intent. We do so by applying our rules of statutory construction. We must then apply the statute to the specific facts at issue here.

[¶ 22] In this case, Mr. Singer does not contend that there is any aspect of his impairment that is unrelated to his permanent total disability. He contends that none of his prior impairment award should be deducted and that the statute should be interpreted to require deduction of disability awards only. We are unable to reach that conclusion.

[¶ 23] When we apply our rules of statutory construction, we are forced to conclude that the legislature intended that Mr. Singer's prior impairment award must be deducted from his permanent total disability award. As previously mentioned, we must construe the statute *in pari materia.* Wyo. Stat. Ann. § 27–14–406(a) contains a clear expression of legislative intent: "The monthly payment amount ... shall constitute **the exclusive benefit for both the physical impairment and the economic loss** resulting from an injury." (Emphasis added.) The hearing examiner did not take this language into account in arriving at his interpretation of the statute. We must also attempt to give meaning to "every word, clause, and sentence ... so that no part is inoperative or superfluous." *Deloges,* 750 P.2d at 1331. Under Mr. Singer's interpretation, the disputed phrase would be superfluous. The Division contends that the phrase is not superfluous, arguing that the statute was written broadly to include those situations "wherein a single worker is involved in more than one accident and possibly with multiple employers." We are not convinced that is what the legislature intended. But, under the facts presented, we need not resolve that issue.

[¶ 24] Forced to choose between an interpretation of Wyo. Stat. Ann. § 27–14–406(a) that would require deduction of all impairment awards or none, as in the case presented here, we must conclude that the legislature intended deduction of Mr. Singer's prior impairment award. Because the issue has not been presented or briefed, we do not determine whether the legislature intended that a prior impairment award must be deducted in every case.

[¶ 25] In conclusion, we hold that the OAH erred in failing to require deduction of Mr. Singer's prior impairment award. We remand to the district court with instructions

that the case be remanded to the OAH for entry of an order consistent with this opinion.