# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 23

OCTOBER TERM, A.D. 2012

February 22, 2013

IN THE MATTER OF THE WORKER'S
COMPENSATION CLAIM OF:

NICOLLE HEIKKILA, AN EMPLOYEE
OF SIGNAL MOUNTAIN LODGE,

Appellant
(Petitioner)

v.                                                                          S-12-0137

SIGNAL MOUNTAIN LODGE,

Appellee
(Respondent).

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
    Sky D Phifer, Phifer Law Office, Lander, Wyoming.

*Representing Appellee:*
    George Santini, Ross, Ross & Santini, LLC, Cheyenne, Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]  The Wyoming Workers' Safety and Compensation Division (Division) determined that Nicolle Heikkila, the appellant, suffered a compensable injury while employed by Signal Mountain Lodge.  The lodge filed an objection to that determination and requested a hearing with the Office of Administrative Hearings (OAH).  The appellant filed a motion to dismiss that objection on the grounds that the objection had been improperly filed.  The OAH denied that motion and determined that the appellant had not suffered a compensable injury.  The appellant filed a petition for review to the district court, arguing that her motion to dismiss was improperly denied.  The district court affirmed the decision of the OAH and, after an additional appeal by the appellant, we affirm the decision of the district court.

## ISSUE

[¶2]  Did Signal Mountain Lodge properly file an objection to the Division's Final Determination of Compensability?

## FACTS

[¶3]  Signal Mountain Lodge is a resort located in Grand Teton National Park.  The real property upon which the resort rests is owned by the National Park Service.  The lodge is operated by Rex and Ruth Maughan, doing business as Signal Mountain Lodge, under a concessionaire's agreement with the park service.  Signal Mountain Lodge has made contributions pursuant to the Wyoming Worker's Compensation Act (the Act).

[¶4]  The appellant was employed as a housekeeper at Signal Mountain Lodge from April 28, 2009 through May 28, 2009.  The appellant filed a Wyoming Report of Injury on October 28, 2009.  That report indicated that her injury occurred on May 24, 2009.  The Division determined that the injury was compensable and issued a Final Determination of Compensability to that effect on December 3, 2009.  Signal Mountain Lodge filed a timely objection and request for a hearing on December 11, 2009.  That objection was filed personally by Linda Hornbeck, the director of human resources, payroll, and benefits at Forever Living Products International, Inc., a company owned by Rex Maughan.

[¶5]  The appellant filed a motion to dismiss Signal Mountain Lodge's objection, arguing that Signal Mountain Lodge is not an appropriate party to the action.  The appellant continued that only a "party" may file an objection, and because Signal Mountain Lodge is not a "natural person, artificial person, or other legal entity" it cannot be a "party."  In the alternative, the appellant argued that, even if the owners qualify as employers, the objection was not filed by the owners personally, but rather by their representative.  The hearing examiner denied that motion, ruling that the Maughans are

1

persons and therefore may be party to the action and that there is no prohibition against allowing an agent or representative to file an objection. The OAH also concluded that the appellant did not have a compensable injury and did not uphold the Division's Final Determination. The appellant petitioned the district court for a review of that decision, but only challenged the OAH's determination that Signal Mountain Lodge was a proper party to the action. The district court affirmed that decision, and the appellant now appeals to this Court.

## STANDARD OF REVIEW

[¶6]    The issue we are addressing is whether Signal Mountain lodge properly filed an objection to the Division's Final Determination of Compensability.

> When the issue is one of interpretation and application of law, we give no deference to an agency's decision:
>
> > The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.
>
> *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Singer*, 2011 WY 57, ¶ 5, 248 P.3d 1155, 1157 (Wyo. 2011) (citations omitted). In other words, we review *de novo* an agency's conclusions of law. *Id*. (citations omitted).

*Stallman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2012 WY 147, ¶ 10, 288 P.3d 707, 711-12 (Wyo. 2012).

## DISCUSSION

[¶7]    On appeal, the appellant argues that the OAH lacked subject matter jurisdiction to hold a contested hearing where Signal Mountain Lodge was the objector. Specifically, the appellant takes issue with the fact that Linda Hornbeck filed the objection to the Final Determination granting the appellant compensation on behalf of Signal Mountain Lodge, rather than on behalf of the Maughans themselves.

[¶8]   The appellant argues that only an "interested party" can request a hearing on a Final Determination of Compensability.  That much is true.  Wyo. Stat. Ann. § 27-14-601(k)(iv) (LexisNexis 2011).  Although she seems to concede that the Maughans would qualify as a proper party, the appellant contends that Signal Mountain Lodge cannot so qualify.  Citing an unpublished opinion from another jurisdiction for the proposition that "[a] party is a natural person, artificial person, or other legal entity that has the capacity to sue or be sued[,]" the appellant concludes that Signal Mountain Lodge cannot qualify as a party.  *Purcell v. Cape Girardeau Cnty. Comm'n*, 2009 WL 2145478 (Mo. App. E.D. 2009).

[¶9]   We find this argument to be without merit.  The Wyoming Administrative Procedure Act (WAPA) defines a "party" as "each person or agency named or admitted as a party or properly seeking and entitled as of right to be admitted as a party."  Wyo. Stat. Ann. § 16-3-101(b)(vi) (LexisNexis Supp. 2012).  The WAPA also defines "person" as "any individual, partnership, corporation, association, municipality, governmental subdivision or public or private organization of any character other than an agency."  Wyo. Stat. Ann. § 16-3-101(b)(vii) (LexisNexis Supp. 2012).  This broad definition includes individuals doing business under a trade name, regardless if the objection is made in the individual's name or in the business's name.

[¶10]  It is reading the Act too narrowly to conclude that, because the objection was made by a representative on behalf of Signal Mountain Lodge rather than on behalf of the Maughans, "no legal entity [] has made an objection."  In reality, the lodge is operated by the Maughans, regardless of the fact that they are doing so under a name other than their own.  The appellant makes no citation to authority indicating that a business operating under a name different than its owners' names cannot be a proper party.  Signal Mountain Lodge is certainly an interested party, as it is the lodge that has been making workers' compensation contributions to the Division as required by the Act.  Because an interested party properly objected to the final determination of compensability, there is no reason to conclude that the OAH lacked subject matter jurisdiction to hear Signal Mountain Lodge's objection.

[¶11]  The appellant also makes a seemingly unrelated argument that Signal Mountain Lodge cannot be an "employer" for purposes of the Wyoming Worker's Compensation Act and, therefore, no valid employer submitted a valid injury report as required by Wyo. Stat. Ann. § 27-14-506(a) (LexisNexis 2011).  "Employer" is defined as "any person or entity employing an employee engaged in any extrahazardous occupation or electing coverage under W.S. 27-14-108(j) and at least one (1) of whose employees is described in W.S. 27-14-301."  Wyo. Stat. Ann. § 27-14-102(a)(viii) (LexisNexis Supp. 2012).  Again, the appellant is focused on the language "person or entity," and argues that Signal Mountain Lodge is neither.  As we said above, *see supra* ¶ 9, person is broadly defined and certainly encompasses individuals doing business under a trade name.

## CONCLUSION

[¶12] Signal Mountain Lodge objected to the Division's Final Determination of Compensability regarding an injury supposedly suffered by the appellant. The appellant argues that the objection was invalid because Signal Mountain Lodge is not a proper party to the action. We disagree. Signal Mountain Lodge is the identified employer and paid the necessary contributions under the Act.

[¶13] We affirm.